UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOUELY CHARLES NADAUD,

              Petitioner,                        Case No. 1:26-cv-90

v.                                       Hon. Hala Y. Jarbou

DONALD EMERSON, et al.,

              Respondents.
_____/

## ORDER

This is a habeas corpus action brought by counsel on behalf of an individual detained by United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Michigan.  Before the Court is Petitioner's motion for a temporary restraining order (TRO) and preliminary injunction (ECF No. 23).  Petitioner claims that, after Respondents released him in accordance with this Court's opinion and judgment, they re-arrested him on February 23, 2026.  He believes that Respondents intend to remove him to Ivory Coast on February 26, 2026. Petitioner contends that, before he is removed to that country, he has a due process right to a hearing before an immigration judge to determine whether he is entitled to asylum (or withholding of removal) due to a risk of persecution or torture in Ivory Coast.  *See* 8 U.S.C. § 1231(b)(3)(A) (prohibiting removal to a country where an alien's "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion"); 8 U.S.C. § 1231(b)(3)(C) (requiring a "trier of fact" to determine "whether an alien has demonstrated that the alien's life or freedom would be threatened for a reason described in subparagraph (A)"); 28 C.F.R. § 200.1 ("A removal order under Title V of the Act shall not be executed in circumstances that would violate Article 3 of the United Nations

Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment . . . .").

Respondents have filed a response to the motion for a TRO (ECF No. 27), accompanied by a declaration from a deportation officer, asserting that Petitioner told the local field office of Enforcement and Removal Operations about his fear of removal to Ivory Coast, that Petitioner will be placed into immigrations proceedings wherein he will have the opportunity to apply for asylum and withholding of removal, and that he will not be removed to Ivory Coast before his fear of removal is adjudicated by an immigration judge. (Suppl. Anderson Decl., ECF No. 27-1, PageID.144–45.) In short, Petitioner will not be deported until he is given the process he seeks and to which he is entitled by statute. Consequently, Petitioner has not shown that he is likely to succeed on the merits of his due process claim or that he will be irreparably harmed without a TRO. *See Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (identifying the factors for issuing a TRO, including "a strong likelihood of success on the merits" and "whether the movant would suffer irreparable harm" absent a TRO).

In addition, Respondents note that Petitioner's motion for a TRO raises a new due process claim based on new circumstances that are not the subject of his original habeas petition. The Court resolved the original petition and entered judgment on it. Respondents subsequently released Petitioner as a result of that judgment. To the extent Petitioner raises a new claim based on a new arrest and new period of confinement, he should file a new action.

For similar reasons, the Court will deny Respondents' motion to alter judgment (ECF No. 10) and motion to dismiss the petition for lack of jurisdiction (ECF No. 19). In the motion to alter judgment, Respondents argued that they could continue detaining Petitioner because

circumstances had changed such that Petitioner's deportation was reasonably foreseeable. Respondents noted that they had obtained travel documents that would allow them to deport Petitioner to Ivory Coast.  After filing that motion, however, Respondents released Petitioner, rendering the motion to alter judgment moot.

As to the motion to dismiss, there is no need to dismiss the case for lack of jurisdiction or failure to state a claim, and there no basis for doing so, because the Court already entered judgment and Petitioner obtained the relief he sought in his original petition.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a TRO (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' motion to alter judgment (ECF No. 10) and motion to dismiss the case (ECF No. 19) are **DENIED**.

Dated: February 25, 2026                          /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         CHIEF UNITED STATES DISTRICT JUDGE